NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000762
29-JAN-2015
08:23 AM**

NO. CAAP-12-0000762

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

BRUCE EDWARD COX, Plaintiff-Appellant, v.
CARLYN DAVIDSON COX, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 06-1-0096)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant Bruce Edward Cox (**Bruce**) appeals from the Order re: Plaintiff's Second Motion for Attorneys' Fees and Costs Pursuant to Hawaii Family Court Rule (**HFCR**) Rule 68 filed on July 15, 2011, entered on August 6, 2012 (**Order re Fees**) by the Family Court of the First Circuit (**Family Court**).[1]

Bruce contends that the Family Court erred when it refused to award him the attorney's fees and the costs he incurred at the appellate level.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Bruce's points of error as follows:

HFCR Rule 68 provides:

---

[1]     The Honorable Linda S. Martell presided.

HFCR Rule 68 provides:

> At any time more than 20 days before any contested hearing held pursuant to HRS sections 571-11 to 14 (excluding law violations, criminal matters, and child protection matters) is scheduled to begin, any party may serve upon the adverse party an offer to allow a judgment to be entered to the effect specified in the offer. Such offer may be made as to all or some of the issues, such as custody and visitation. Such offer shall not be filed with the court, unless it is accepted. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, any party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall treat those issues as uncontested. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible, except in a proceeding to determine costs and attorney's fees. If the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer, unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS section 580-47 or other applicable statutes, as amended.

(Emphasis added.)

In this case, the Family Court concluded that, pursuant to HFCR Rule 68, Bruce was entitled to an award of the reasonable attorneys' fees and costs incurred by Bruce after his HFCR Rule 68 offer to Defendant-Appellee Carlyn R. Davidson, fka Carlyn Davidson Cox (**Carlyn**), to the extent that those reasonable fees and costs were incurred at the trial level, but not at the appellate level. In the Order re Fees, the Family Court explained its denial of Bruce's appellate level fees and costs as follows:

> The trial court will not award appellate costs to [Bruce]. No Rule 68 offer was presented to [the] Family Court regarding the appeal and even if [Bruce] contends the appellate costs are automatically included in the Rule 69 [sic] offer, this Court expressly declines to do so. [Bruce] may consider applying to the appellate court for the award of his appellate fees and costs.

In its subsequent Findings of Fact and Conclusions of Law, entered on November 2, 2012, the Family Court found that "[t]he Family Court declined to award appellate costs to [Bruce]" and concluded, in relevant part, that "HFCR 68 does not state that the prevailing party in an appeal shall get their appellate fees and costs."

2

Thus, although the Family Court determined that Bruce was entitled to HFCR Rule 68 fees and costs, it appears that it declined to award appellate fees and costs, at least in large part, because appellate fees and costs are not specifically mentioned in the rule.

However, as the Hawai'i Supreme Court has previously stated: "An appeal is not a new action, but rather a continuation of an original action." Nelson v. Univ. of Haw., 99 Hawai'i 262, 265, 54 P.3d 433, 436 (2002) (citation omitted). Although HFCR Rule 68 does not specifically address appellate fees and costs, such fees and costs are necessarily incurred *after the making of the Rule 68 offer* and thus are included within the time frame set forth in the rule, i.e., "the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer[.]" HFCR Rule 68. Indeed, the purpose of the HFCR Rule is to encourage settlement before the parties incur further fees and costs in contested proceedings. See Nakasone v. Nakasone, 102 Hawai'i 177, 178, 73 P.3d 715, 716 (2003). Parties are provided an extra incentive to make or accept a reasonable settlement offer in order to avoid incurring, or obtain reimbursement of, additional litigation expenses, including the expenses incurred by continuing the litigation at the appellate level. For these reasons, we conclude that appellate fees and costs may be awarded pursuant to HFCR Rule 68.

Bruce asks this court to vacate the Order re Fees and remand with directions to enter an order and judgment in favor of Bruce and against Carlyn for the full amount of his attorney's fees and costs incurred at the appellate level, as well as at the trial court level. We decline to do so. Although the Family Court failed to address this portion of the rule, HFCR Rule 68 further provides that fees and costs must be awarded "unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS section 580-47 or other applicable statutes, as amended."

Here, although the Family Court declined to make the award, it did not specifically determine whether or not it would

be inequitable to do so. While either the appellate court or the Family Court can assess the reasonableness of appellate attorney's fees and costs[2] (see, e.g., Nelson, 99 Hawai'i at 269, 54 P.3d at 440), the Family Court is much better positioned to assess whether an order requiring Carlyn to pay those additional fees would be inequitable in accordance with HRS § 580-47, or another applicable statute.

Accordingly, the Family Court's August 6, 2012 Order re Fees is vacated in part, with respect to the denial of appellate level fees and costs, and this case is remanded for further review of Bruce's request for attorney's fees and costs pursuant to HFCR Rule 68, including *a specific determination as to whether such an award would be inequitable* in accordance with the provisions of HRS section 580-47 or other applicable statutes, as amended.

DATED: Honolulu, Hawai'i January 29, 2015.

On the briefs:

R. Steven Geshell
for Plaintiff-Appellant

Chief Judge

Presiding Judge

Presiding Judge

---

[2] We note, however, that on November 9, 2010, Bruce was awarded Hawai'i Rules of Appellate Procedure Rule 39 costs on appeal in Appeal No. 29593, and therefore no further award of such costs is warranted with respect to that appeal.